[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3607
On December 19, 1994, this Court issued a wage withholding order for support pursuant to General Statutes § 52-362(b), directing Connecticut General Life Insurance Company (Connecticut General) to withhold the disability insurance payments normally owed to defendant Linda Wiegand in the amount of $629.53. By a petition for advice of court dated March 2, 1995, Connecticut General requested the advice and instruction of this court as to whether it should withhold the defendant's disability insurance payments, and if so, in what amount. In its memorandum of law in support of its petition for advice of court, Connecticut General expresses its uncertainty over the appropriateness of the court's order in light of the relevant statutory provisions and case law which seem to suggest that disability insurance payments are not earnings, and, therefore, exempt from wage withholding.
General Statutes § 52-362 deals with execution on wages after judgments for support. General Statutes § 52-362(b) provides in part: "The superior court . . . shall issue an order for withholding pursuant to this section against the earnings of an obligor to enforce a support order when the support order is entered or modified or when the obligor is before the court in an enforcement proceeding." "Earnings", in turn, is defined as ". . . any debt accruing to an obligor by reason of his personal services, including any compensation payable by an employer to an employee for such personal services whether denominated as wages, salary, commission, bonus or otherwise . . . ." General Statutes § 52-362(a)(3).
General Statutes §§ 52-352a and 52-352b enacted basic rules to determine what property of a debtor is unavailable to a creditor seeking to enforce a debt, including a judgment debt, by way of judicial process or court order. Exempted property includes "Health and disability insurance payments." General Statutes § 52-352b(e). As petitioner's memorandum points out, "The exemption statutes make no property are set aside to the debtor as beyond the reach ofany judicial process." (Emphasize added.) Sienkiewicz v.Sienkiewicz, 178 Conn. 675, 425 A.2d 116 (1979). CT Page 3608
Despite the language in Sienkiewicz, by memorandum dated March 14, 1995, the plaintiff, Thomas W. Wilkinson, argues, that the exemption for disability insurance payments found in General Statutes § 52-352b does not apply to a family support judgment. General Statutes § 52-350a(7) defines a "[f]amily support judgment" as a "judgment, order or decree of the superior court for payment of a legal obligation for support or alimony to a spouse, former spouse or child and includes any such order for periodic payments whether issued pendente lite or otherwise." In turn, General Statutes § 52-350a(13) defines "money judgment", in part, as a "judgment, order or decree of the court calling in whole or in part for the payment of a sum of money, other than a family support judgment."
General Statutes § 52-350f states in part: "A money judgment may be enforced against any property of the judgment debtor unless the property is exempt from application to the satisfaction of the judgment under section 52-352a, 52-352b, 52-352d or 52-361a or any other
provision of the general statutes or federal law." Plaintiff argues that the absence of any reference to exempt property in General Statutes § 52-350a(7) is consistent with the legislative intent of positioning among judgment creditors a preferred status to those relying on court orders for support. Sienkiewicz v. Sienkiewicz,
supra, 178 Conn. 683. This argument is particularly forceful when the party to whom the order is directed has flagrantly ignored past child support orders and refused to appear before the court when ordered to do so, eluding alimony and custody orders as well.
In light of the foregoing, a portion of defendant's disability insurance payments are susceptible to wage execution pursuant to General Statutes § 52-362(b). The amount ordered must necessarily be the limitation which is stated on the wage execution form as applied to the action amount paid to defendant by Connecticut General. The calculations set forth on page seven of petitioner's memorandum are adopted by the Court, resulting in a withholding of $312.42. CT Page 3609